**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0620-22

ESTATE OF KEOTEPIE KHIEV,
ESTATE OF REACHSIEH KHIEV,[1]
ESTATE OF REACHTHON
KHIEV, and MICHELLE KHIEV,

      Plaintiffs-Respondents,

v.

SOUTH JERSEY
TRANSPORTATION AUTHORITY,

      Defendant-Appellant.

_____

      Submitted December 11, 2023 – Decided February 14, 2024

      Before Judges Gilson and Berdote Byrne.

      On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-1523-22.

      Florio Perrucci Steinhardt Cappelli Tipton & Taylor, LLC, attorneys for appellant (Nicholas A. Sullivan and Wade Lawrence Dickey, of counsel and on the briefs).

---

[1] Estate of Reachsieh Khiev improperly pled as Estate of Reachthsieh Khiev.

Friedman & Levin Associates and Charles Matthew Gibbs (McMonagle, Perri, McHugh, Mischak & Davis), attorneys for respondents (Charles Matthew Gibbs and Jason David Javie, on the brief).

PER CURIAM

On December 26, 2021, four members of a family were involved in a one-vehicle accident at a toll plaza on the Atlantic City Expressway. Three of the family members were killed, and the fourth member, a twelve-year-old girl, was severely injured. The estates of the decedents and guardian of the survivor moved to file a late tort-claims notice against the South Jersey Transportation Authority (defendant or the SJT Authority). Plaintiffs argued that their claims did not accrue until they received the video of the accident. Alternatively, they contended that extraordinary circumstances and a lack of prejudice to the public entity justified the late notice. The trial court agreed and allowed the notice to be served.

Defendant now appeals from the order granting plaintiffs leave to file a late tort-claims notice under the Tort Claims Act (the Act), N.J.S.A. 59:1-1 to 59:12-3. Discerning no abuse of discretion in the trial court's decision, we affirm.

A-0620-22

I.

On December 26, 2021, decedents Keotepie Khiev, Reachsieh Khiev, and Reachthon Khiev, and plaintiff Michelle Khiev (collectively, plaintiffs) were in a car that crashed at Egg Harbor Toll Plaza on the Atlantic City Expressway. Keotepie Khiev, Reachsieh Khiev, and Reachthon Khiev were killed, and Michelle Khiev was seriously injured. Defendant, the SJT Authority, owns and operates the Atlantic City Expressway.

On January 4, 2022, plaintiffs, through a family member, contacted and retained a law firm to investigate the crash. Plaintiffs' counsel then requested the police report and video of the crash. On January 19, 2022, counsel received a preliminary police report, but that report did not contain a full investigation or a video of the accident.

In February 2022, plaintiffs' counsel retained two experts to investigate the crash. Those experts were Fiocco Engineering, LLC, "experts in highway safety and traffic engineering," and David B. Roth, an "automotive engineering expert." Preliminary investigations by both experts did not reveal any obvious roadway defects.

On March 17, 2022, the New Jersey State Trooper with whom plaintiffs' counsel had been in contact advised plaintiffs that he had prepared a

supplemental report and that plaintiffs could now request the complete report, as well as a video of the crash. Plaintiffs' counsel made that request the same day. Thereafter, the State Police informed plaintiffs' counsel that they were not yet ready to release the final report. The final report was then delivered on May 5, 2022, and the video of the accident was delivered on May 11, 2022. In the meantime, on March 26, 2022, the ninetieth day after December 26, 2021, had passed.

When plaintiffs' experts reviewed and discussed the video, they formulated the opinion that there was a design defect in the toll plaza that had substantially contributed to plaintiffs' deaths and injuries. In that regard, the experts opined that there was a sloped concrete barrier at the toll plaza, and that when plaintiffs' vehicle traveled up the slope of the barrier it caused the vehicle to combust and sustain catastrophic damage, which in turn led to the deaths and injuries of plaintiffs.

On May 31, 2022, plaintiffs moved for leave to file a late tort-claims notice on the SJT Authority. Initially, that motion was unopposed, and the court granted it in an order entered on June 24, 2022. Plaintiffs then filed their tort-claims notice on defendant on June 30, 2022.

4

Thereafter, it was ascertained that defendant had not been properly served with the notice of motion. Accordingly, defendant filed a motion to vacate the June 24, 2022 order. It also filed opposition to plaintiffs' motion for leave to file a late tort-claims notice. After those motions were fully briefed, the trial court heard oral arguments on the motions.

On September 12, 2022, the trial court entered an order that (1) vacated the June 24, 2022 order, (2) granted plaintiffs leave to file a late tort-claims notice, and (3) ruled that the notice would be deemed to have been served on June 30, 2022. The court supported its rulings with a written opinion.

The trial court found that the date of accrual of plaintiffs' claims was May 11, 2022, when plaintiffs "possessed sufficient information[] that a public entity may be responsible for the crash," rather than December 26, 2021, the date of the crash. Accordingly, the trial court held that the notice of claim had been filed within ninety days of the date of accrual and was timely.

In the alternative, the trial court found that there were extraordinary circumstances justifying the late notice. In that regard, the trial court found that plaintiffs had exercised due diligence in investigating the accident but determined that defendant was potentially liable only when they received the video. Additionally, the court found that defendant would not suffer any

substantial prejudice if the late claim was permitted because defendant had been aware of the accident and evidence and witnesses related to the accident were still available. The court noted that a toll plaza worker who had been injured in the accident was still available as a witness. The court also found that the damaged vehicle had been preserved and defendant had access to the video of the accident.

Defendant now appeals from the portion of the September 12, 2022 order allowing plaintiffs to file a late tort-claims notice. Orders granting or denying motions to extend the time to file a notice of claim under the Act are appealable to us as of right. See R. 2:2-3(b)(7).

## II.

On appeal, defendant makes three arguments. First, it contends that the trial court misapplied the law in holding that the accrual date was the date plaintiffs received the video, rather than the date of the crash. Second, defendant asserts that the trial court abused its discretion in finding that, even if the claim accrued on the date of the crash, extraordinary circumstances justified allowing plaintiffs to file a late notice. Finally, defendant argues that the trial court abused its discretion in finding that there would be no substantial prejudice to

6

defendant in granting plaintiffs the right to file a late notice. Having considered these arguments in light of the record and law, we reject them and affirm.

The decision of whether to grant a plaintiff's motion for leave to file a late tort-claims notice under the Act is left "to the sound discretion of the trial court." D.D. v. Univ. of Med. & Dentistry of N.J., 213 N.J. 130, 147 (2013) (quoting Lamb v. Glob. Landfill Reclaiming, 111 N.J. 134, 146 (1988)). The trial court's decision should not be disturbed "in the absence of a showing of an abuse" of discretion. Ibid. (quoting Lamb, 111 N.J. at 146); see also McDade v. Siazon, 208 N.J. 463, 476-77 (2011). "Although deference will ordinarily be given to the factual findings that undergird the trial court's decision, the court's conclusions will be overturned if they were reached under a misconception of the law." D.D., 213 N.J. at 147 (citing McDade, 208 N.J. at 473-74).

A.    The Act.

The Act waives the State's sovereign immunity but does so with certain requirements and limitations. See N.J.S.A. 59:1-2 (explaining that "public entities shall only be liable for their negligence within the limitations of" the Act); see also Nieves v. Off. of the Pub. Def., 241 N.J. 567, 574-75 (2020). "Generally, immunity for public entities is the rule and liability is the exception." Fluehr v. City of Cape May, 159 N.J. 532, 539 (1999). Accordingly,

7

the Act imposes "strict requirements upon litigants seeking to file claims against public entities." McDade, 208 N.J. at 468.

A person or entity seeking to file a claim under the Act must file a notice of claim on a public entity "not later than the ninetieth day after accrual of the cause of action." Ibid. (quoting N.J.S.A. 59:8-8). The failure to serve a notice of claim within the statutory ninety-day period results in a bar against the claim and recovery. Id. at 476; N.J.S.A. 59:8-8. There is, however, an exception to the ninety-day time bar. In limited circumstances, relief can be afforded under the Act if a claimant moves for leave to file a late notice "within one year after the accrual of [the] claim." McDade, 208 N.J. at 476 (quoting N.J.S.A. 59:8-9). The trial court may grant the motion if there are "'sufficient reasons constituting extraordinary circumstances' for the claimant's failure to timely file" a notice of claim within the statutory ninety-day period, and if "the public entity [is not] 'substantially prejudiced' thereby." Id. at 477 (quoting N.J.S.A. 59:8-9).

Determining "extraordinary circumstances" and "substantial prejudice" requires a "trial court to conduct a fact-sensitive analysis of the specific case." Id. at 478. The Legislature intended the "extraordinary circumstances" requirement to be a demanding standard. See D.D., 213 N.J. at 148 (citing Lowe v. Zarghami, 158 N.J. 606, 625 (1999)). When analyzing the facts, a court must

determine how the evidence relates to the claimant's circumstances during the ninety-day period.  Id. at 151.

In summary, courts evaluate a notice of claim's timeliness using a "sequential analysis." Beauchamp v. Amedio, 164 N.J. 111, 118 (2000).  First, the court must determine the date when the claim accrued.  Ibid.  Second, the court determines whether a notice of claim was filed within ninety days of that date.  Ibid.  Finally, if the notice was not timely, the court must determine whether extraordinary circumstances justify a late notice.  Id. at 118-19; Bayer v. Township of Union, 414 N.J. Super. 238, 258 (App. Div. 2010).

B.     The Date of Accrual of Plaintiffs' Claims.

The Act does not define the date of accrual of a claim.  Ben Elazar v. Macrietta Cleaners, Inc., 230 N.J. 123, 134 (2017).  Nevertheless, our Supreme Court has held that the accrual of a claim under the Act is to be determined "in accordance with existing law in the private sector." H.C. Equities, LP v. County of Union, 247 N.J. 366, 382 (2021) (quoting Beauchamp, 164 N.J. at 116).  The Court has explained:

> In general, our law in the private sector holds that a claim accrues on the date on which the underlying tortious act occurred.  However, that same common law allows for delay of the legally cognizable date of accrual when the victim is unaware of his [or her] injury or does not know that a third party is liable for the

injury. By operation of the discovery rule, the accrual date is tolled from the date of the tortious act or injury when the injured party either does not know of his [or her] injury or does not know that a third party is responsible for the injury.

[Ben Elazar, 230 N.J. at 134 (internal citations omitted).]

"The test for the application of the discovery rule is 'whether the facts presented would alert a reasonable person, exercising ordinary diligence, that he or she was injured due to the fault of another.'" McDade, 208 N.J. at 475 (quoting Caravaggio v. D'Agostini, 166 N.J. 237, 246 (2001)). In other words, the cause of action accrues when the claimant has "two pieces of information that are the key to the discovery rule, namely an injury and 'facts suggesting that a third party may be responsible.'" Maher v. County of Mercer, 384 N.J. Super. 182, 188 (App. Div. 2006) (quoting Ayers v. Township of Jackson, 106 N.J. 557, 582 (1987)).

Examining the facts in this record, the trial court determined that plaintiffs' causes of action accrued on May 11, 2022, when their counsel received video footage of the crash. In reaching that determination, the court considered plaintiffs' diligence in retaining counsel, retaining experts, and seeking evidence concerning the crash, including the final accident report and video. The court then found that before plaintiffs' experts had an opportunity to

10

review and analyze the video, neither plaintiffs nor their experts had reasonable grounds to believe that the car's combustion was caused by a defect in the roadway. After viewing and discussing the video, however, the experts opined that the design of the toll plaza, and in particular the sloped concrete barrier, substantially contributed to the fire and the combustion of plaintiffs' vehicle.

The key issue in determining whether the discovery rule applied in this matter is whether there were facts suggesting that the SJT Authority may have been responsible for plaintiffs' deaths and injuries before May 11, 2022. Defendant argues that plaintiffs were aware of its involvement in the accident because they knew that the SJT Authority owned and operated the Atlantic City Expressway and the toll booths on the Expressway. While plaintiffs knew or should have known that defendant owned the roadway and toll plaza, the trial court found that it was only when plaintiffs' experts reviewed and analyzed the video that they learned that defendant might be responsible for plaintiffs' deaths and injuries. Those factual findings are supported by substantial, credible evidence, and we discern no abuse of discretion in the trial court's determination that plaintiffs' claims accrued for purposes of the notice provision of the Act on May 11, 2022. Consequently, the trial court also correctly found that the notice was then timely served on the SJT Authority on June 30, 2022.

A-0620-22

In affirming that determination, we express no opinion on the validity of plaintiffs' liability theory or their experts' opinions. Those issues are not currently before us and have not been explored in discovery or analyzed by the parties and the trial court. We hold only that the factual findings made by the trial court concerning the accrual date are supported in the record, do not constitute an abuse of discretion, and are consistent with the law concerning the discovery rule.

C. Whether There Were Extraordinary Circumstances.

In the alternative, the trial court held that plaintiffs' late notice would be allowed because it was justified by extraordinary circumstances. What constitutes "extraordinary circumstances" for purposes of the Act "is inherently imprecise and must be determined on a case-by-case basis." Jeffrey v. State, 468 N.J. Super. 52, 58 (App. Div. 2021) (citing O'Donnell v. N.J. Tpk. Auth., 236 N.J. 335, 347 (2019)). "'[A]ny doubts' as to whether extraordinary circumstances exist 'should be resolved in favor'" of allowing a late filing. O'Donnell, 236 N.J. at 344 (quoting Feinberg v. State, Dep't of Env't Prot., 137 N.J. 126, 134 (1994)). Courts analyze whether the "totality of unique facts and circumstances" constitute extraordinary circumstances. Id. at 349. Thus, the "inquiry focuses on the reasonable diligence of the plaintiff in investigating the

12

claim and determining the identity of the tortfeasor." McDade, 208 N.J. at 477. "The existence of a reasonably prompt and thorough investigation is thus the crucial inquiry." Id. at 477-78.

In finding extraordinary circumstances in this case, the court carefully analyzed plaintiffs' actions following the crash. Within two weeks of the fatal accident, plaintiffs' family members retained lawyers to investigate the matter. Those lawyers then contacted the State Police and diligently sought the accident report and related video. Counsel also retained experts in February 2022, less than sixty-five days after the accident. On March 17, 2022, plaintiffs' counsel learned that the final State Police accident report, as well as the video, could be requested. Plaintiffs' counsel then requested those items that same day. The State Police, however, took some time approving the final accident report and releasing the video. Consequently, plaintiffs' counsel received the final accident report on May 5, 2022, and the video on May 11, 2022. Plaintiffs' counsel then had the video reviewed and analyzed by the retained experts who, for the first time, had a basis to opine that defendant could be responsible for the catastrophic nature of the accident.

Given those facts, we discern no abuse of discretion in the trial court's determination that plaintiffs acted with due diligence and were prevented from

serving a timely tort-claims notice by extraordinary circumstances. Indeed, the facts here are very similar to the facts in Mendez v. S. Jersey Transp. Auth., 416 N.J. Super. 525 (App. Div. 2010). In that case, we affirmed the trial court's granting of leave to file a late tort-claims notice. Id. at 536. In Mendez, the plaintiffs lost control of their car, which spun off the road and struck a snow-removal truck owned by the SJT Authority that was parked on the shoulder. Id. at 529-30. It was not until the plaintiffs obtained and analyzed a videotape of the accident that they were able to develop evidence that an ambulance might have caused plaintiffs to lose control of their car when it suddenly moved in front of plaintiffs' car just before the accident. Id. at 534. Like defendant here, the rescue squad that owned the ambulance argued that the plaintiffs in Mendez should have served a notice as soon as they learned of the potential involvement of the ambulance. Id. at 532. We rejected that argument, however, and reasoned that adopting such a position would "encourage whimsical filings of Tort Claims notices to beat the ninety-day deadline" and that "a diligent attorney [would] view the videotape firsthand to be able to file a Tort Claims notice in good faith." Id. at 534-35.

The same analysis that we used in Mendez applies here. In both this case and Mendez, plaintiffs' attorneys made diligent efforts to obtain video evidence

A-0620-22

of the accident, and the video evidence, once obtained after more than ninety days from the date of the crash had passed, gave plaintiffs critical information that allowed them to discover a public entity may be responsible for their injuries.  Id. at 534.  So, the trial court did not abuse its discretion in finding extraordinary circumstances in this case.

D.     Whether There is Substantial Prejudice to Defendant.

The final factor that must be considered is whether the SJT Authority has demonstrated that it will be substantially prejudiced if plaintiffs are allowed to file a late notice.  The public entity bears "the burdens of production and persuasion on the question of prejudice" in evaluating a motion for leave to file a late notice.  Id. at 535.  Determining whether substantial prejudice exists requires "a fact-sensitive analysis of the specific case."  McDade, 208 N.J. at 478.  "'Substantial prejudice in this context means substantial prejudice in maintaining one's defense,' such as 'the loss of witnesses, the loss of evidence, fading memories, and the like.'"  Mendez, 525 N.J. Super. at 535 (quoting Blank v. City of Elizabeth, 318 N.J. Super. 106, 114-15 (App. Div. 1999)).  "The fact of delay alone does not give rise to the assumption of prejudice; the public entity must present a factual basis for the claim of substantial prejudice."  Id. at 535-36.  Therefore, general allegations of prejudice are not sufficient.  Id. at 536.

Defendant has not demonstrated any prejudice, much less substantial prejudice. The trial court found that defendant was well-aware of the accident when it occurred on December 26, 2021. The court also noted that the car had been preserved, the witnesses to the accident, including a toll plaza worker, were still available, and defendant had the final accident report and video. Defendant does not dispute any of those facts. More significantly, those facts establish that defendant has access to all the information and evidence that was available ninety days after the accident. Indeed, because of plaintiffs' diligence, the notice was filed within four months of the ninety-day period. Consequently, we discern no abuse of discretion in the trial court's finding that there was no substantial prejudice to defendant.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION